**FAEGRE DRINKER BIDDLE & REATH LLP**
TARIFA B. LADDON (SBN 240419)
*tarifa.laddon@faegredrinker.com*
DAVID P. KOLLER (SBN 328633)
*david.koller@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  +1 310 203 4000
Facsimile:   +1 310 229 1285

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

**MARTIN BAUGHMAN, PLLC**
LAURA J. BAUGHMAN (SBN 263944)
*lbaughman@martinbaughman.com*
3141 Hood Street, Suite 600
Dallas, TX 75219
Telephone: + 214.761.6614
Facsimile:   +214.744.7590

Attorney for Plaintiff KIRA HURD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — EASTERN DIVISION

| | |
|---|---|
| KIRA HURD,<br><br>              Plaintiff,<br><br>      v.<br><br>BOSTON SCIENTIFIC<br>CORPORATION,<br><br>              Defendant. | Case No. 5:22-cv-00032-JWH (KKx)<br><br>Hon. John W. Holcomb<br>Courtroom 2<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Scheduling Conf.: August 19, 2022<br><br>Complaint filed:    January 7, 2022 |

Faegre Drinker Biddle &
Reath LLP
Attorneys at Law
Los Angeles

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

1.    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Kira Hurd ("Plaintiff") and Defendant Boston Scientific Corporation ("Defendant") (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. By stipulating to this Order, the Parties have agreed to be bound by its terms and to request its enforcement by the Court as necessary. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal absent permission of the Court; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets and other confidential research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions,

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

1  or common law, and materials that are deemed confidential under FDA regulations
2  and HIPAA statutes and/or regulations.  Furthermore, this action may call for the
3  production of materials that Defendant believes in good faith would, if disclosed,
4  cause substantial economic harm to the competitive position of the entity from which
5  the information was obtained because it relates to research and development material
6  on a new product that has not been approved or cleared by the FDA or a similar
7  regulatory body or reflects a party's price competitiveness in the market or marketing
8  business strategies of a party concerning a current or new product.  Accordingly, to
9  expedite the flow of information, to facilitate the prompt resolution of disputes over
10 confidentiality of discovery materials, to adequately protect information the Parties
11 are entitled to keep confidential, to ensure that the Parties are permitted reasonable
12 necessary uses of such material in preparation for and in the conduct of trial, to
13 address their handling at the end of the litigation, and serve the ends of justice, a
14 protective order for such information is justified in this matter. It is the intent of the
15 Parties that information will not be designated as confidential for tactical reasons and
16 that nothing be so designated without a good faith belief that it has been maintained
17 in a confidential, non-public manner, and there is good cause why it should not be
18 part of the public record of this case.

19

20 2.    DEFINITIONS

21       2.1    Action: the above captioned action, *Hurd v. Boston Scientific*, Case No.
22 5:22-cv-00032-JWH-KKx.

23       2.2    Challenging Party: a Party or Non-Party that challenges the designation
24 of information or items under this Order.

25       2.3    "CONFIDENTIAL" Information or Items: information (regardless of
26 how it is generated, stored or maintained) or tangible things that qualify for protection
27 under Federal Rule of Civil Procedure 26(c), and as specified above in the Good
28 Cause  Statement.  Information  or  items  designated  as  "CONFIDENTIAL"

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

3

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

specifically refer to any material the producing party believes in good faith constitutes or discloses information or that qualifies for protection pursuant to the Federal Rules of Civil Procedure, specifically information that is trade secret or other confidential research, development, or commercial information, and materials that are deemed confidential under Federal Drug Administration ("FDA") regulations and Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations.

2.4    "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Information or items designated as "HIGHLY CONFIDENTIAL" specifically refer to any material that Defendant believes in good faith would, if disclosed, cause substantial economic harm to the competitive position of the entity from which the information was obtained because it relates to research and development material on a new product that has not been approved or cleared by the FDA or a similar regulatory body or reflects a party's price competitiveness in the market or marketing business strategies of a party concerning a current or new product.

2.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order shall govern all documents and electronically stored information ("ESI"), the information contained therein, and all other information produced or disclosed during the Action whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Action to any other party, including any non-party, when same is designated with the procedures set forth herein.

This Order shall govern the handling of discovery materials in this Action, including, but not limited to, the use of Protected Material during discovery, depositions, and motion practice.  However, this order does not govern the use of Protected Material at trial or other court hearings or proceedings.  Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.

This Order is binding upon the Parties to the Action, including their respective corporate parents, subsidiaries, and affiliates, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order. This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Action.

No person or party subject to this Order shall distribute, transmit, or otherwise divulge any material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," except in accordance with this Order.

///

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

6

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Accordingly, throughout and after the conclusion of this litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" material has been communicated or disclosed pursuant to the provisions of this Order or order of the Court.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1   unnecessary expenses and burdens on other parties) may expose the Designating
2   Party to sanctions.

3        If it comes to a Designating Party's attention that information or items that it
4   designated for protection do not qualify for protection, that Designating Party must
5   promptly notify all other Parties that it is withdrawing the inapplicable designation.

6        5.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in
7   this Order (see, e.g., sections 5.2(a) and 5.2(b) below), or as otherwise stipulated or
8   ordered, Disclosure or Discovery Material that qualifies for protection under this
9   Order must be clearly so designated at or before the time the material is disclosed or
10  produced.

11       Designation in conformity with this Order requires:

12       (a)   for information in documentary form (e.g., paper or electronic
13  documents, but excluding transcripts of depositions or other pretrial or trial
14  proceedings), that the Producing Party affix at a minimum, the legend
15  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY
16  CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page
17  that contains Protected Material. If only a portion or portions of the material on a
18  page qualifies for protection, the Producing Party also must clearly identify the
19  protected portion(s) (e.g., by making appropriate markings in the margins).

20       A Party or Non-Party that makes original documents available for inspection
21  need not designate them for protection until after the inspecting Party has indicated
22  which documents it would like copied and produced. During the inspection and
23  before the designation, all of the material made available for inspection shall be
24  deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting
25  Party has identified the documents it wants copied and produced, the Producing Party
26  must determine which documents, or portions thereof, qualify for protection under
27  this Order. Then, before producing the specified documents, the Producing Party
28  must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend"

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

8

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions and exhibits used therein, such testimony and exhibits shall be treated as if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for a period of thirty (30) days after the final transcript is available from the court reporter.  Counsel for any Party may designate during the deposition or during the thirty (30) day period after the final transcript is available from the court reporter any portion of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by denominating by page and line, and by designating any exhibits, that are to be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the criteria set forth in this Order.  Such designation shall be communicated to all Parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Order. A Party may challenge the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation or portions thereof in accordance with the provisions of Paragraph 6 below.

If a Party intends to use material that has been marked as "HIGHLY CONFIDENTIAL" at the deposition of an employee or former employee of a non-producing party in this litigation, the Party shall notify the Producing Party five (5) days in advance of the deposition that it intends to use that category of material.  If the Parties cannot agree on parameters for usage of the material at the deposition, then the Parties will seek the direction of the Court as to the utilization of that category of material in the deposition.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     the     designation     of     "CONFIDENTIAL"     or     "HIGHLY CONFIDENTIAL" does not include any material, document, or testimony that has been admitted into evidence in any trial without any protections by the trial court. Any document admitted as a trial exhibit or trial testimony for which a trial court has maintained its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation during trial and that has been sealed or otherwise protected from disclosure by order of the trial court will remain a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" absent a separate order of the Court in this matter.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items, including ESI, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, with notification to the Receiving Party in writing, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Disclosure of said information or items by another party prior to such later designation shall not be deemed a violation of the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  Any Party may challenge the redaction or the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to serve a legitimate judicial purpose (e.g., to support a dispositive motion) by providing written notice of its objection to the Designating Party, or, in the case of a

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

10

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

deposition, either on the record at a deposition or in writing later.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3    Application to the Court. If, after a timely meet-and-confer process, the parties cannot reach agreement, either the Designating Party or Challenging Party may, on reasonable notice, apply for an appropriate ruling from the Court pursuant to Local Rule 37-1, *et seq*.  The disputed material shall continue to be treated as designated, or redacted, until the Court orders otherwise. In any such application concerning a ruling on confidentiality or redacted information, the burden of persuasion shall be on the Designating Party to establish that such confidential designation or redaction is proper. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the Parties follow the procedures set forth in Section 7.3 below;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

12

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items to Experts.   If a Party or Counsel wishes to disclose any document or other material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or the contents thereof, to any person retained to work on this action (e.g., Experts, as defined in this Order), the person making the disclosure shall do the following:

(a)     Provide a copy of this Order to the person to whom disclosure is made;

(b)     Inform the person to whom disclosure is made that s/he is bound by this Order;

(c)     Require the person to whom disclosure is made to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Instruct the person to whom disclosure is made to return or, in the alternative and with permission of the Producing Party, at the conclusion of this litigation to destroy any document or other material which is marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including notes or memoranda made from "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material;

(e)     Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials which were disclosed to that person;

(f)     At the conclusion of this litigation, gather the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

13

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

1    disclosed them, or destroy them, providing a certificate of compliance with the terms
2    of this Order.

3           (g)    Only "Designated In-House Counsel" of Defendants may have
4    access to information designated as "HIGHLY CONFIDENTIAL" by another
5    producing party. "Designated In-House Counsel" shall mean (1) Eileen Hunter for
6    Boston Scientific Corporation; (2) Meagan Thwaites for Boston Scientific
7    Corporation; and (3) one paralegal and/or clerical employee for each such Designated
8    In-House Counsel to provide administrative support. Each Designated In-House
9    Counsel shall complete and sign a copy of the "Acknowledgment and Agreement to
10   Be Bound" (Exhibit A), and each such completed, signed form shall be transmitted
11   by e-mail to counsel for the other parties before disclosure of any such other party's
12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to the Designated
13   In-House Counsel.

14         The Plaintiff will inform the Defendant of its intent to disclose any information
15   or materials designated by the Defendant as "HIGHLY CONFIDENTIAL" to any
16   individual who is currently, or who at any time during the pendency of this litigation
17   becomes, a consultant to a competitor of the Defendant in the pelvic mesh business,
18   or is a consultant to an entity actively investigating entering such business, and
19   Plaintiff will follow the procedures for disclosure of such materials to such individual
20   as set forth this Section 7.4 below.

21         The terms of this Order do not apply to the Court and court personnel, who are
22   subject only to the court's internal procedures regarding the handling of material filed
23   or lodged, including material filed or lodged under seal.

24         7.4   Disclosure Requirements for "HIGHLY CONFIDENTIAL"
25   Information to Competitor Related Consultants. Prior to disclosure, Plaintiff will
26   inform the Producing Party in the manner set forth below of its intent to disclose
27   **HIGHLY CONFIDENTIAL** material to anyone who is currently, or who at any

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

14

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

1  time during the pendency of this litigation becomes, an employee, officer, director or

2  consultant to a competitor of the Defendant.

3        (a)    Give at least ten (10) days notice in writing to counsel for the

4  Party who designated such information as HIGHLY CONFIDENTIAL of the intent

5  to so disclose that information, although the disclosing party is not required to

6  identify the intended recipient of such materials.

7        (b)    Within ten (10) days thereafter, counsel for the Parties shall

8  attempt to resolve any disputes between them regarding the production of the

9  HIGHLY CONFIDENTIAL material to the intended individuals.

10        (c)    If the Parties are unable to resolve any dispute regarding such

11  production within an additional seven (7) days, the party who designated the

12  information in question as HIGHLY CONFIDENTIAL shall file a motion objecting

13  to the proposed disclosure.  In making such motion, it shall be the Producing Party's

14  burden to demonstrate good cause for preventing the disclosure.  Moreover, any such

15  motion must be brought in strict compliance with Local Rules 37-1 and 37-2

16  (including the Joint Stipulation requirement).

17        (d)    If the Court permits disclosure of the material designated as

18  HIGHLY CONFIDENTIAL at issue, the information remains designated as

19  HIGHLY CONFIDENTIAL and the individual receiving such information shall be

20  bound by the requirements of Section 7.3.

21      The terms of this Order do not apply to the Court and court personnel, who are

22  subject only to the court's internal procedures regarding the handling of material filed

23  or lodged, including material filed or lodged under seal.

24

25  8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

26      <u>IN OTHER LITIGATION</u>

27      If a Party is served with a subpoena or a court order issued in other litigation

28  that compels disclosure of any information or items designated in this Action as

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

15

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

16

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>
<u>PROTECTED MATERIAL</u>

Inadvertent production of documents or ESI (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the Producing Party shall notify the Receiving Party in writing as set forth herein.  In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the Producing Party shall, within ten (10) days of the discovery of the inadvertent disclosure, notify the Receiving Party in writing of the inadvertent disclosure.  The Producing Party may, in the notice, request a "clawback" of the inadvertently disclosed material.  The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the Producing Party or destroy them as agreed between the parties.  All notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed and not used.

However, the Receiving Party may, after receipt of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege.  If the Receiving Party elects to file a motion disputing the claim of privilege and challenging the requested "clawback", the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the Receiving Party reflecting the contents of such materials pending the resolution by the Court of the motion, but the Receiving Party shall segregate and not use them pending resolution of the motion. If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph.  No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

18

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

1  they be disclosed to anyone who was not given access to them prior to the request to

2  return or destroy them, unless otherwise ordered by the Court.

3       Pursuant to Federal Rule of Evidence 502, there is no waiver of privilege or

4  work product protection in this matter or any other matter in any other jurisdiction

5  for any document clawed-back under this clause, or for the subject matter of any such

6  document, whether the privileged document was inadvertently provided following

7  review or as part of a "Quick Peek" production.  In the event that any party receives

8  information produced in discovery from any other party that reasonably appears to

9  be Inadvertently Produced Documents, the Receiving Party shall promptly notify the

10  Producing Party in writing of the apparent inadvertent production.

11

12  12.   <u>MISCELLANEOUS</u>

13       12.1  <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any

14  person to seek its modification by the Court in the future.

15       12.2  <u>Right to Assert Other Objections.</u> By stipulating to the entry of this

16  Protective Order no Party waives any right it otherwise would have to object to

17  disclosing or producing any information or item on any ground not addressed in this

18  Stipulated Protective Order. Similarly, no Party waives any right to object on any

19  ground to use in evidence of any of the material covered by this Protective Order.

20       12.3  <u>Redaction of Confidential Material.</u> The Parties recognize that the FDA,

21  other governmental agencies, and certain federal statutes require redaction of certain

22  information prior to production of certain information by Defendant and that

23  Defendant will comply with those requirements and redact such information as

24  directed.  Any party challenging information that has been redacted may do so in

25  accordance with Section 6 of this Order.  Any motion challenging information that

26  has been redacted must be brought in strict compliance with Local Rules 37-1 and

27  37-2 (including the Joint Stipulation requirement).

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

19

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

12.4    <u>Filing Protected Material.</u> If either party desires to file anything with the Court that previously has been designated as Confidential Information, that party must request permission from the Court to file the Confidential Information under seal, unless the Producing Party provides written consent in advance that filing the Confidential Information under seal is unnecessary.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. If the request is granted, and to the extent not inconsistent with Local Rule 79-5, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  The Parties shall also comply with Local Rules 5.2-1 and 5.2-2 with respect to the appropriate treatment of personal data identifiers.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential or Highly Confidential for the purposes of this Order.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

12.5    <u>Motion Practice.</u> In motion practice concerning the designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Parties shall make every effort to limit the submission of material to include only that information that is in dispute and not extraneous.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" material designated by any other party (including any

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

20

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

1   such material disclosed to third persons), except for any attorneys' work-product for

2   the party returning the material. As used in this subdivision, "all Protected Material"

3   includes all copies, abstracts, compilations, summaries, and any other format

4   reproducing or capturing any of the Protected Material. Whether the Protected

5   Material is returned or destroyed, the Receiving Party must submit a written

6   certification to the Producing Party (and, if not the same person or entity, to the

7   Designating Party) by the 60 day deadline that (1) identifies (by category, where

8   appropriate) all the Protected Material that was returned or destroyed and (2)affirms

9   that the Receiving Party has not retained any copies, abstracts, compilations,

10  summaries or any other format reproducing or capturing any of the Protected

11  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

12  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

13  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

14  work product, and consultant and expert work product, even if such materials contain

15  Protected Material. Any such archival copies that contain or constitute Protected

16  Material remain subject to this Protective Order as set forth in Section 4

17  (DURATION).

18

19  14.   Any violation of this Order may be punished by any and all appropriate

20  measures including, without limitation, contempt proceedings and/or monetary

21  sanctions.

22      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23  DATED: December 7, 2022      **FAEGRE DRINKER BIDDLE & REATH LLP**

24

25      By:  */s/ Tarifa B. Laddon*

26      TARIFA B. LADDON
        DAVID P. KOLLER

27      Attorneys for Defendant
        BOSTON SCIENTIFIC CORPORATION

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

21

STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-00032-JWH (KKx)

Dated:  December 7, 2022          **MARTIN BAUGHMAN, PLLC**

                                  By:   _/s/ Laura J. Baughman_
                                       LAURA J. BAUGHMAN
                                       Attorneys for Plaintiff
                                       KIRA HURD

**ATTESTATION**

     I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

 Dated: December 7, 2022                    _/s/ Tarifa B. Laddon_
                                           Tarifa B. Laddon


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  12/7/2022

_____
Hon. Kenly Kiya Kato
United States Magistrate Judge

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Hurd v. Boston Scientific*, Case No. 5:22-cv-00032-JWH-KKx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES